IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Marcus D. Thomas, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>L. Ross, et al., )<br>    Defendants. ) | 1:13cv989 (TSE/TRJ) |

MEMORANDUM OPINION

Marcus D. Thomas, a Virginia inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendants, Laverne Ross, LPN ("Nurse Ross") and Ellen Johnson, LPN ("Nurse Johnson"), showed deliberate indifference to his serious medical needs. The defendants have filed a Motion for Summary Judgment, as well as a memorandum of law and numerous supporting exhibits. Dkt. Nos. 49, 50. Plaintiff was given the Notice required by Local Rule 7(K) and the opportunity to file responsive materials pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Plaintiff has not filed a response. For the reasons that follow, defendants' Motion for Summary Judgment must be granted.

I. Background

Defendants Laverne Ross and Ellen Johnson are both Licensed Practical Nurses who worked in that capacity at Sussex I State Prison at all times relevant to this lawsuit. Dkt. No. 50 (Declaration of Laverne Ross, ¶ 1; Declaration of Ellen Johnson, ¶ 1). Plaintiff was transferred to Sussex I State Prison ("SISP") on June 1, 2011 and was housed at SISP during all times relevant to this lawsuit. Dkt. No. 50 (Exhibit A Medical Records, pp. 1-2). Plaintiff had a medical history significant for Type 2 diabetes mellitus. Id. At SISP, diabetic inmates like the plaintiff may have blood sugar checks at set intervals during the day and are provided with insulin if necessary.

Dkt. No. 50 (Declaration of Laverne Ross, ¶ 4; Declaration of Ellen Johnson, ¶ 4). Diabetic inmates may refuse to have their blood sugar checked and may refuse to receive insulin. Id. After checking a diabetic inmate's blood sugar level, a nurse must document the reading on a Blood Sugar Flow Sheet and/or a Medication Administration Record contained in that inmate's medical chart. Dkt. No. 50 (Declaration of Ellen Johnson, ¶ 4). If insulin is deemed necessary, the nurse must document how much insulin was administered to the inmate. Id. If an inmate refuses to have his blood sugar checked or refuses insulin treatment, the nurse must document that refusal on a Complaint and Treatment Form, a Blood Sugar Flow Sheet, and/or a Medication Administration Record contained in that inmate's medical chart. Dkt. No. 50 (Declaration of Laverne Ross, ¶ 4). If an inmate does not allow his blood sugar to be checked first, a nurse may not administer insulin. Id. at ¶ 7.

On January 24, 2012 Nurse Ross was working the night shift at SISP from 7:00 pm until 7:30 am the next day. She was assigned to administer medications to inmates in 1A pod, the same pod to which plaintiff was assigned. Id. at ¶ 5. During her rounds, security was conducting a count of the inmate population and inmates were restricted to their cells per security protocol. Id. At that time no movement of inmates in and out of their cells was permitted. Id. at ¶ 6. Pursuant to jail procedures and security reasons during the count, plaintiff was required to have his blood sugar checked and insulin administered through the slot on the cell door. Id. Nurse Ross had no control over the security protocols at SISP, and she was required to comply with these rules. Id. As nurses were instructed to do, Nurse Ross approached plaintiff's cell and attempted to check his blood sugar level through the tray slot on the cell door. Plaintiff waved Nurse Ross away through the door, and Ms. Ross interpreted this action as his refusal to have his blood drawn. Id., see also Dkt. No. 50 (Exhibit A Medical Records, p. 12). Plaintiff originally alleged that he did not want

to have Nurse Ross check his blood sugar level through the cell door slot, so he told her to come back after the count so that he could have his blood sugar level checked outside of his cell. Dkt. No. 1, Compl. Sec. IV. After plaintiff waved her away, Nurse Ross documented this refusal on a Complaint and Treatment Form and on his Medication Administration Record. Dkt. No. 50 (Declaration of Laverne Ross, ¶ 6), see also Dkt. No. 50 (Exhibit A Medical Records, pp. 12, 63).

On April 14, 2012 Nurse Johnson was assigned to administer medication to offenders housed in segregation, which is where plaintiff was being housed at that time. Dkt. No. 50 (Declaration of Ellen Johnson, ¶ 6). According to Nurse Johnson, she went to plaintiff's cell at approximately 4:00 pm on April 14, 2012 to check his blood sugar level and to administer medication. Id. Plaintiff allowed Nurse Johnson to check his blood sugar level and it was 150. Id., see also Dkt. No. 50 (Exhibit A Medical Records, p. 79). Nurse Johnson asserts that she recorded plaintiff's blood sugar level in the Medication Administration Record. Dkt. No. 50 (Declaration of Ellen Johnson, ¶ 7). Per his doctor's order, this level was normal and did not require administration of insulin. Id. at ¶ 6, see also Dkt. No. 50 (Exhibit A Medical Records, p. 79). Plaintiff, however, alleged that Nurse Johnson never actually checked his blood sugar level on April 14, 2012. Dkt. No. 1, Compl. Sec. IV. Rather, plaintiff originally claimed that Nurse Johnson accidently checked another inmate's blood sugar level and recorded that level (150) as plaintiff's in his medical records. Id.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The moving party bears the burden of proving that judgment on the

pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden then shifts to the nonmoving party to point out the specific facts that create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts which the moving party bears the burden of proving are facts which are material. "[T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence ... create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Commc'ns Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985), abrogated on other grounds by Price Waterhouse v. Hopkins, 490 U.S. 228 (1989). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the nonmoving party. Matsushita, 475 U.S. at 587.

### III. Analysis

Summary judgment in favor of defendants Nurse Ross and Nurse Johnson is appropriate because the pleadings, affidavits, and exhibits on file demonstrate that neither defendant was deliberately indifferent to plaintiff's serious medical needs.

A. Defendants Were Not Deliberately Indifferent to Plaintiff's Serious Medical Needs

It is undisputed that, despite plaintiff's allegations to the contrary, defendants did not violate plaintiff's Eighth Amendment rights. To prevail on a claim for deliberate indifference that rises to an Eighth Amendment violation, plaintiff must establish facts sufficient to show that jail officials were deliberately indifferent to a serious medical need. See Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F.Supp. 487, 492 (E.D.Va. 1995). Thus, plaintiff must allege two distinct elements to state a claim upon which relief can be granted. First, he must allege a sufficiently serious medical need. See, e.g., Hall v. Holsmith, 340 Fed. Appx. 944, 947 & n.3 (4th Cir. 2009) (holding that flu-like symptoms did not constitute a serious medical need); Cooper v. Dyke, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, he must allege deliberate indifference to that serious medical need. Under this second prong, an assertion of medical malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege specific acts or omissions by the defendants that prove a deliberate indifference to basic standards of decency. See Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). The prisoner must demonstrate that defendants' actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Beorn, 848 F.2d at 851 (internal citations omitted). Medical malpractice does not give rise to a constitutional violation, nor does disagreement between the inmate and the prison about the proper way to treat a medical condition. See, e.g., Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

### i. Nurse Ross

Plaintiff arguably satisfies the objective "serious medical need" component for alleging an

Eighth Amendment violation; however, he fails to establish the "deliberate indifference" prong of the inquiry with respect to defendant Nurse Ross. With respect to Nurse Ross, it is clear that on January 24, 2012 she was not deliberately indifferent to plaintiff's serious diabetic condition. The maintained medical records Nurse Ross has supplied indicate that she appeared at plaintiff's cell to check his blood sugar level and potentially administer medication; however, she was waved away by plaintiff. Dkt. No. 50 (Declaration of Laverne Ross, ¶ 6), see also Dkt. No. 50 (Exhibit A Medical Records, p. 12). Plaintiff did not want Nurse Ross to check his blood sugar level through the slot on his cell door. Dkt. No. 1, Compl. Sec. IV. Plaintiff had the right to refuse medical treatment, and Nurse Ross reasonably interpreted plaintiff's action of waving her away as a refusal to have his blood sugar checked at that time. Id. Had plaintiff complied with Nurse Ross' request and placed his arm through the slot on his cell door, Nurse Ross would have checked his blood sugar and administered him insulin, if required. Nurse Ross did not do so *only* because plaintiff waved her away, and she subsequently documented this refusal in his medical records in compliance with typical procedures. Id.

Even if Nurse Ross misinterpreted plaintiff's wave as a refusal when in fact he wanted his blood sugar checked, this would constitute a simple misunderstanding or inadvertence that does not rise to the level of "shocking the conscience" such that a constitutional violation could have occurred. Based on the uncontested evidence defendants presented, Nurse Ross' actions evidently do not rise to the required level of wantonness to prevail in an Eighth Amendment civil rights lawsuit concerning deliberate indifference to a serious medical need in an incarceration setting. Therefore, Nurse Ross was not deliberately indifferent to plaintiff's serious medical need, and she is entitled to judgment as a matter of law.

ii. Nurse Johnson

With respect to Nurse Johnson, it is similarly evident that on April 14, 2012, she was not deliberately indifferent to plaintiff's serious medical needs. On that day, Nurse Johnson approached plaintiff's cell and checked his blood sugar level, which she accordingly documented in his Medication Administration Record. Dkt. No. 50 (Declaration of Ellen Johnson, ¶ 7), see also Dkt. No. 50 (Exhibit A Medical Records, p. 79). Had Nurse Johnson not checked his blood sugar level, it would have been her practice to record so in his medical records. Id. Plaintiff has come forward with no evidence to support his initial allegation that Nurse Johnson forgot to check his blood sugar and recorded another inmate's blood sugar level as though it were his. Dkt. No. 1, Compl. Sec. IV. Even if Nurse Johnson had inadvertently or accidently documented another offender's blood sugar reading on plaintiff's Medication Administration Form, this conduct would only rise to mere negligence, which cannot amount to a constitutional violation. Dkt. No. 1, Compl. Sec. IV., see also Dkt. No. 52. Therefore, Nurse Johnson is entitled to judgment as a matter of law.

### B. Plaintiff Cannot Establish a Violation of the Americans with Disabilities Act

Plaintiff alleges that Nurse Ross and Nurse Johnson violated his rights pursuant to the Americans with Disabilities Act ("ADA"). Compl. Sec. IV. Title II of the ADA provides:

> [s]ubject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity.

42 U.S.C. § 12132. The ADA does not permit claims against individual defendants; rather, the ADA recognizes causes of action for discrimination by public entities. Baird v. Rose 192 F.3d 462, 471 (4th Cir. 1999), see also 42 U.S.C. § 12131.

Plaintiff alleges that defendants violated his rights under the ADA, but his allegations do not specify how the ADA applies to him or how his rights were specifically violated by

7

defendants. Moreover, the defendants are not a "public entity" under the ADA (42 U.S.C. § 12131), and they are not subject to suit under Title II. Thus, defendants are entitled to judgment as a matter of law.

## IV. Conclusion

For the foregoing reasons, defendants' Motion for Summary Judgment must be granted. An appropriate Order shall issue.

Entered this 29th day of September 2015.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge